```
UNITED STATES DISTRICT COURT           USDC SDNY
SOUTHERN DISTRICT OF NEW YORK          DOCUMENT
MAURICE OPARAJI,                       ELECTRONICALLY FILED
                                       DOC #: _____
                    Plaintiff,         DATE FILED: 3/10/2020

         -against-                     19 Civ. 4034 (AT) (SN)

MUNICIPAL CREDIT UNION,                        ORDER

                    Defendant.
```

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Maurice Oparaji, alleges that Defendant, Municipal Credit Union ("MCU"), violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Sections 1031(a), 1036(a)(1), 1054, and 1055 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531(a), 5536(a)(1), 5564, 5565, by charging his account overdraft fees without his affirmative consent. Compl. ¶¶ 1, 10, ECF No. 1. Defendant moved for judgment on the pleadings, or, in the alternative, to dismiss on the grounds of claim or issue preclusion and failure to state a claim. ECF No. 7. This Court referred Defendant's motion to the Honorable Sarah Netburn, Magistrate Judge, for a Report and Recommendation ("R&R"). ECF No. 9. On January 6, 2020, Judge Netburn recommended that Defendant's motion be granted, concluding that Plaintiff's claims are precluded by the doctrine of claim preclusion, also known as res judicata. R&R at 5–7, ECF No. 26. Before the Court are Plaintiff's objections to the R&R, Pl. Obj., ECF No. 27, and Defendant's response to Plaintiff's objections, Def. Resp., ECF No. 28. For the reasons stated below, Judge Netburn's R&R is ADOPTED in part and MODIFIED in part.

## BACKGROUND[1]

Plaintiff opened a checking account with MCU in 2003. Compl. ¶ 4. On April 4, 2016,

---

[1] The Court presumes familiarity with the facts and procedural history as set forth in the R&R but sets them forth briefly here. *See* R&R at 1–2.

Plaintiff travelled outside of the country and returned on May 17, 2016. *Id.* ¶ 35. Upon returning, he learned that his MCU account had been "compromised," due to a number of fraudulent transactions. *Id.* ¶¶ 35, 39. From April 25, 2016 through May 6, 2016, MCU charged Plaintiff a $30 overdraft fee 69 times, for a total of $2,070. *Id.* ¶¶ 38, 45.

On June 3, 2016, Plaintiff received a call from one of MCU's senior investigator and negative balance collectors, Sharon Porter. *Id.* ¶ 39. Later that day, and in accordance with Porter's instructions, Plaintiff visited his local MCU branch, reported the fraudulent transactions on his account, and submitted a written request for a refund to a branch manager. *Id.* ¶ 40.

On August 16, 2016, Plaintiff filed a complaint against Defendant in Bronx Civil Court, alleging breach of contract or warranty, breach of fiduciary duty, unfair deceptive trade practices, conversion, and violation of New York General Business Law. *See* Bronx Civil Court Complaint, ECF No. 8-1. In total, Plaintiff alleged $104,895.57 in damages. *Id.* at 1. Defendant moved to dismiss the complaint. *See* Bronx Civil Court October 3, 2017 Decision and Order at 1, ECF No. 8-3. The Honorable Sabrina Kraus granted Defendant's motion in part, limiting Plaintiff to $25,000 per cause of action. *Id.* Plaintiff moved for partial summary judgment, which Judge Kraus denied. *Id.* at 3–5.

On November 1, 2017, Plaintiff's claims were tried before a jury in Bronx Civil Court, with Judge Kraus presiding. Trial Transcript, ECF No. 8-4. Plaintiff, proceeding *pro se*, introduced documents into evidence and asserted that he had not opted into overdraft protection and that MCU had improperly assessed overdraft fees on his account 69 times. *See id.* at 38–39. Plaintiff contended that MCU should have declined his attempts to withdraw funds from his account when he had insufficient funds rather than assess Plaintiff an overdraft fee. *Id.* at 39, 49–51. Plaintiff did not call any witnesses except himself. *See generally* Transcript; *see also id.* at 59:8–13.

At the close of Plaintiff's prima facie case, Defendant moved to dismiss. *Id.* 59–60.

Defendant argued that Plaintiff had not established the existence of a contract that MCU breached, any of the elements of a breach of warranty claim, the existence of a fiduciary duty, or a deceptive practice that affected consumers at large. *Id.* 60–63. Judge Kraus granted Defendant's motion and dismissed the action. *Id.* at 69:5–17. Plaintiff filed a notice of appeal to the Appellate Term of the Supreme Court, First Department on November 2, 2017. Notice of Appeal, ECF No. 8-6.

Plaintiff commenced this action on May 6, 2019. Compl. Plaintiff alleges that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 1005, by assessing overdraft fees on Plaintiff's checking account although he had not opted into overdraft protection. *Id.* ¶ 52. Plaintiff further alleges that Defendant violated the Consumer Financial Protection Act of 2010, 15 U.S.C. §§ 5531(a), 5564, 5565, by misleading Plaintiff into believing there was no option with respect to opting in or out of overdraft protection. *Id.* ¶¶ 68, 75.

On July 10, 2019, Defendant moved to dismiss the complaint. ECF No. 7. That same day, the Court referred the motion to Judge Netburn for an R&R. ECF No. 9. On December 26, 2019, the Supreme Court, Appellate Term, First Department, ruled on Plaintiff's appeal from the Bronx Civil Court's order dismissing his case. *Oparaji v. Municipal Credit Union*, 570067/19 (App. Term 1st Dept. Dec. 26, 2019) (*per curiam*); *see also* Pl. Obj. Ex. D, ECF No. 27 ("Appellate Term Order"). The Appellate Term modified Judge Kraus' decision, reinstating the breach of contract claim and remanding it for trial; the court affirmed Judge Kraus' decision to dismiss all other claims. *Id.*

On January 6, 2020, Judge Netburn recommended that the Court grant Defendant's motion to dismiss Plaintiff's claims because they are barred by the doctrine of res judicata. R&R at 5–7.

**DISCUSSION**

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes

3

specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").

In addition, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal quotation marks and citation omitted). The court may adopt those portions of the report and recommendation to which no objection is made, "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.    Plaintiff's Objections

   A. Res Judicata

"The doctrine of res judicata, or claim preclusion, applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Adelphia Recovery Tr.*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks, citation, and alteration omitted). When these elements are met, parties are precluded from "relitigating issues that were or could have been raised" in the earlier action. *Id.* (internal quotation marks and citation omitted). "In applying the doctrine of res judicata, 'we bear in mind that a state court judgment has the

4

same preclusive effect in federal court as the judgment would have had in state court.'" *Hameed v. Aldana*, 296 F. App'x 154, 155 (2d Cir. 2008) (quoting *Burka v. New York City Transit Authority*, 32 F.3d 654, 657 (2d Cir. 1994)). New York law applies a "transactional analysis" to claim preclusion, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories, or seeks dissimilar or additional relief." *Burka*, 32 F.3d at 657 (internal quotation marks and citation omitted).

Under New York law, "the mere pendency of an appeal does not deprive a challenged judgment of its res judicata effects." *Antonious v. Muhammad*, 873 F. Supp. 817, 824 (S.D.N.Y. 1995), *aff'd*, 8 F. App'x 78 (2d Cir. 2001); *see also Sunnen v. U.S. Dep't of Health & Human Servs.*, No. 13 Civ. 1242, 2013 WL 1290919, at *3 (S.D.N.Y. Mar. 28, 2013) ("Res judicata also applies to judgments that are pending on appeal."). Where a judgment has been appealed and the appellate court affirms some matters and reverses others, preclusion is limited to the matters affirmed, and there is no final judgment for res judicata purposes. *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 477 (S.D.N.Y. 2000). Additionally, where a case has been remanded for further proceedings, "there is no final judgment for 'res judicata' purposes." *Id.*

Judge Netburn correctly concluded that "[t]hough Plaintiff's legal theory and requested remedy were different in the state court proceeding, this case is against the same Defendant and arises from the same transaction or connected series of transactions at issue in that earlier litigation." R&R at 6 (internal quotation marks and citation omitted). She further concluded that Judge Kraus' order dismissing the case was a final decision on the merits. *Id.* at 6–7. Judge Netburn determined, therefore, that Plaintiff's claims in this action were precluded by the doctrine of res judicata. *Id.* Plaintiff objects to this finding on the grounds that (1) the Bronx Civil Court is not a court of competent jurisdiction; (2) the EFTA claim was not raised in the Bronx Civil Court and could not have been raised, and (3) the state claims have not been dismissed and are still pending. Pl. Obj. at 20.

5

The Court reviews Plaintiff's specific objections *de novo*. 28 U.S.C. § 636(b)(1). Plaintiff's first two arguments are without merit. First, the Bronx Civil Court is a court of competent jurisdiction and a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court. *Hameed*, 296 F. App'x at 155. Second, Plaintiff's EFTA claim could have been brought in Bronx Civil Court because an EFTA claim may be initiated in any United States District Court or any other court of competent jurisdiction, 15 U.S.C. § 1693m(g), and Plaintiff's federal claims arise from the same overdraft assessments and rely on the same evidence as the claims being litigated in Bronx Civil Court, R&R at 6.

Plaintiff's third argument is that there was no final judgment for the purposes of res judicata because his state claims are still pending. Pl. Obj. at 20. At the time Defendant's motion was fully briefed, Plaintiff's claim was on appeal. Judge Netburn was correct, then, to consider Judge Kraus' decision dismissing Plaintiff's claim as final for the purposes of res judicata, because "the mere pendency of an appeal does not deprive a challenged judgment of its res judicata effects." *Antonious*, 873 F. Supp. at 824. Recently, however, the Appellate Term ruled on the appeal, reinstating the breach of contract claim, remanding it for trial, and affirming Judge Kraus' decision to dismiss all other claims. Appellate Term Order. This Court must, therefore, consider the effect the Appellate Term's recent ruling.

Where a case has been remanded for further proceedings, "there is no final judgment for res judicata purposes." *McGuiggan*, 84 F. Supp. 2d at 477 (internal quotation marks omitted). Moreover, because the Appellate Term's decision was made after Plaintiff submitted his opposition to Defendant's motion to dismiss, this could not have been raised before Judge Netburn. *See Gladden*, 394 F. Supp. 3d at 480. Now that the Bronx Civil Court's order dismissing Plaintiff's state case has been remanded, there is no "final judgment on the merits" for the purposes of res judicata.

*McGuiggan*, 84 F. Supp. 2d at 477; *see also In re Adelphia Recovery Tr.*, 634 F.3d at 694. The doctrine of res judicata, therefore, is not applicable.

Accordingly, the Court MODIFIES Judge Netburn's R&R and finds that Plaintiff's claims are not barred by the doctrine of res judicata.

      B. Declaration in support of Defendant's Motion

In opposing Defendant's motion to dismiss, Plaintiff did not file a formal opposition responding to Defendant's substantive arguments. *See* R&R at 7. Instead, Plaintiff's opposition consisted of moving to strike the declaration of Brian Gitnik, Esq., Defendant's attorney, which attached several documents in support of Defendant's motion. *Id.*; *see also* ECF Nos. 16–18. Gitnik's declaration did not include language stating that it was made "under penalty of perjury," nor did it state that it was based on his personal knowledge, *see* Gitnik Decl., ECF No. 8, which Plaintiff contends violates Federal Rule of Civil Procedure 56(e), Pl. Obj. at 12. Judge Netburn concluded that the deficiencies in Defendant's declaration were technicalities that did not prejudice Plaintiff. R&R at 8. Judge Netburn found that the declaration was unnecessary because it sought to introduce exhibits that were either already part of the state court record or that were separately submitted by Plaintiff, making Plaintiff's motion moot. *Id.* at 9.

"[W]hen a party . . . simply reiterates his original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace*, 2014 WL 2854631, at *1. Plaintiff makes several objections that rehash his old argument that Judge Netburn erred by relying on the declaration, Pl. Obj. at 11–18, 22–23; *see also* Pl. Mem., ECF No. 18.

As Judge Netburn explained in her R&R, the Court has discretion under Rule 56(e) to offer a party "an opportunity to properly support or address the fact," or to "issue any other appropriate order," in the event that "a party fails to properly support an assertion of fact as required by Rule 56(c)." R&R at 8 (quoting *ECD Inv'r Grp. v. Credit Suisse Int'l*, No. 14 Civ. 8486, 2017 WL 3708620, at *3 (S.D.N.Y.

Aug. 28, 2017) (alteration omitted).  Finding that the documents defense counsel sought to introduce into evidence consisted of (1) records from Plaintiff's state court proceeding, documents of which the Court may take judicial notice, and (2) documents attached to Plaintiff's own declaration, Judge Netburn correctly concluded that the deficiencies in Gitnik's declaration were minor technicalities that had no prejudicial effect on Plaintiff.  R&R at 8.  The Court finds no clear error in Judge Netburn's conclusion.

Accordingly, the Court ADOPTS Judge Netburn's R&R with respect to Gitnik's declaration. Plaintiff's objections are OVERRULED and Plaintiff's motion to strike the declaration is DENIED.

### C. Failure to State a Claim

Because Judge Netburn found that Plaintiff's claims were precluded, she did not address Defendant's Rule 12 motion to dismiss and requested that the Court remand the motion for further recommendation, should the Court find that Plaintiff's claims are not precluded.  R&R at 7. Nonetheless, Plaintiff objects to Judge Netburn's R&R and argues that Plaintiff's complaint presents sufficient facts to state a cause of action for violation of the EFTA.  Pl. Obj. at 19–20.  Plaintiff's objections, therefore, are not aimed at particular findings in the R&R.  *See Bailey*, 2014 WL 2855041, at *1 ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review.").  The Court reviews Judge Netburn's determination to defer ruling on Defendant's Rule 12 motion to dismiss for clear error and finds none.

Accordingly, Plaintiff's objection on the basis that the complaint sufficiently states a claim under the EFTA is OVERRULED.  The Court has considered Plaintiff's remaining arguments and finds them to be without merit.[2]

---

[2] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

8

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff properly objects and has reviewed the remainder of the R&R for clear error. For the reasons stated above, the Court ADOPTS the R&R in part and MODIFIES the R&R in part.

- The Court MODIFIES Judge Netburn's R&R with respect to res judicata and finds that Plaintiff's claims are not precluded.

- Plaintiff's objection on the ground that Judge Netburn improperly relied on the declaration of defense counsel is OVERRULED and Plaintiff's motion to strike the declaration is DENIED.

- Plaintiff's objection on the basis that the complaint sufficiently states a claim under the EFTA is OVERRULED.

- The Court otherwise ADOPTS the R&R in its entirety and REMANDS the motion to Judge Netburn for consideration of Defendant's Rule 12 motion to dismiss.

The Clerk of Court is directed to terminate the motions at ECF Nos. 7 and 16 and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 10, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge