IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE OPARAJI,<br><br>          Plaintiff,<br>  -against-<br>MUNICIPAL CREDIT UNION ("MCU"),<br><br>          Defendant. | **19-CV-04034-AT-SN**<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

  Pursuant to Rule 56 (a) of the Federal Rules of Civil Procedure, plaintiff in the above-captioned action respectfully moves the Court to enter partial summary judgment. This lawsuit is about the defendant MUNICIPAL CREDIT UNION ("MCU") charging plaintiff's account a $30.00 fee 69 times in violation of the Opt-In Rule ("Opt-In") of Reg E. (12 C.F.R. §1005.17.). The Opt-In Rule required all institutions, including MCU to obtain plaintiff's affirmative consent or opt-in to overdraft coverage for ATM and one-time debit card transactions. Only after obtaining that consent could MCU charge fees for the overdraft service. Plaintiff has never opted in or consented to overdraft coverage for those transactions. MCU unlawfully charged plaintiff's account a $30.00 fee 69 times in violation of the Electronic Fund Transfer Act (12 C.F.R. §§1005.17 et seq.); also commonly referred to as 1005.17(b)(1) of the FDIC Law, Regulations, Related Acts. Plaintiff has submitted sufficient evidence. MCU's August 14, 2018 letter also stated: "From Apr. 25 to May 6, 2016, your account was assessed a $30.00 Non-Sufficient Funds ("NSF") fee 69 times".

1

Because there is no genuine issue of material fact as to this aspect of the claim, plaintiff is entitled to judgment as a matter of law on his claim that MCU's charge violates the Opt-In Rule ("Opt-In") of Reg E. (12 C.F.R. §1005.17). Thus, for the reasons stated in the Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment, and MCU's August 14, 2018 letter, admitting that MCU indeed charged plaintiff's MCU account a $30.00 fee sixty-nine times, in Support of Plaintiff's Motion for Partial Summary Judgment, plaintiff is entitled to judgment as a matter of law.

This motion is made following the conference of counsel, which took place on September 10, 2020; defendant's counsel reasoned "given the present posture of this case as well as the fact that our pre-answer motion to dismiss has long since been filed and fully submitted, any motion for summary judgment filed by you would be, in our opinion, misplaced".

DATED at Queens, New York this 10th day of September, 2020

                                        Respectfully submitted,

                                        Maurice Oparaji
                                        245-11 133 Road
                                        Rosedale, NY 11422
                                        (347) 650-7895
                                        mroparaji@yahoo.com

Litchfield Cavo LLP (NYC)
420 Lexington Avenue, Suite 2104
New York, NY 10170
(212)-434-0100
Email: gitnik@litchfieldcavo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE OPARAJI,<br>　　　　　　　　　　　　Plaintiff,<br>-against-<br>MUNICIPAL CREDIT UNION ("MCU"),<br>　　　　　　　　　　　　Defendant. | **19-CV-04034-AT-SN**<br><br>**PLAINTIFF MAURICE OPARAJI'S STATEMENT OF UNDISPUTED FACTS** |

Maurice Oparaji, being duly sworn, deposes and says:

1. I am the plaintiff in the above titled action and as such I have personal knowledge with the facts of this action and the proceedings herein.

2. I submit this Affidavit in support of this motion for an order pursuant to Pursuant to Rule 56 **(a)** of the Federal Rules of Civil Procedure for partial summary judgment on the defendant MUNICIPAL CREDIT UNION ("MCU")'s violation of the Electronic Funds Transfer Act ("EFTA") (codified at 15 U.S.C. §1693 et seq.) and its implementing Regulation E (codified at 12 C.F.R. Part 1005); Sections 1031(a), 1036(a)(1), 1054, and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA") (codified at 12 U.S.C. §§5531(a), 5536(a)(1), 5564, and 5565); the Opt-In Rule ("Opt-In") of Reg E. (12 C.F.R. §1005.17).

3. I have been a client of defendant MCU since November 19, 2003. August 14, 2018 letter at 1.

1

4. From April 25 to May 6, 2016, MCU assessed my MCU account a $30.00 Non-Sufficient Funds ("NSF") fee sixty-nine times. August 14, 2018 letter at 1.

5. I never opt in MCU's Debit Card Overdraft Coverage protection; I never authorized MCU to assess my MCU account. August 14, 2018 letter at 1.

6. On August 2, 2018 I lodged a complaint with New York State Department of Financial Services, which was referred to MCU for investigation and response. August 14, 2018 letter at 1.

7. After the investigation, MCU responded by admitting that MCU indeed charged my account a $30.00 fee sixty-nine times. August 14, 2018 letter at 1.

8. MCU's August 14, 2018 letter also stated:

> "From Apr. 25 to May 6, 2016, your account was assessed a $30.00 Non-Sufficient Funds ("NSF") fee 69 times".

August 14, 2018 letter at 1.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED at Queens, New York this 10th day of September, 2020

Respectfully submitted,

Maurice Oparaji
245-11 133 Road
Rosedale, NY 11422
(347) 650-7895
mroparaji@yahoo.com

2

# EXHIBIT A

**MCU**
MUNICIPAL CREDIT UNION
P.O. Box 3206 CSS
New York, NY 10007
Tel: (212) 693-4900
Fax: (212) 238-2700/2701

August 14, 2018

Mr. Maurice Oparaji
245-11 133rd Road
Rosedale, NY 11422

Dear Mr. Oparaji,

This is in response to your letter dated Aug. 2, 2018, to the NY State Dept. of Financial Services, which was referred to my office for investigation and response. In your letter, you state that fraudulent transactions were posted to your MCU account from Apr. 4, 2016, to May 17, 2016, and that MCU refused to release account information to you when requested, or provide periodic account statements.

According to our records, you opened your MCU account on Nov. 19, 2003. Our records also indicate that you enrolled in MCU Online Banking on Oct. 21, 2009, and on Feb. 18, 2011, you elected to stop receiving periodic statements via postal mail and instead receive statements electronically with monthly notification to your email address mroparaji@yahoo.com. Our records show that you last logged into MCU Online Banking on Jun. 6, 2016.

On Jun. 3, 2016, you lodged a complaint at the MCU branch in Springfield Gardens disputing transactions from PayPal and requesting that fees be reversed because you did not have a PayPal account. We responded to your request on June 7th via email, notifying you that your request had been denied. The disputed transactions were posted correctly based on the information provided, and numerous transactions from PayPal have been posted to your account for several years without dispute.

You also submitted a Claim of Fraudulent / Unauthorized Transactions, in which you stated that your MCU debit card had been used without your authorization. This claim was denied because there were no debit card transactions during the time period in question.

On June 11th, 16th, and 22nd, you repeatedly requested transaction records for the period from Apr. 1 to Jun. 11, 2016. We responded to these requests on Jun, 27th via email. Since your account was overdrawn at the time, we notified you to either submit a check for $4.00 for the cost of printing and mailing statement copies to you, or to log in to MCU Online Banking to access the transaction records at no cost.

Enclosed for your reference is a printout of all transactions posted to your MCU account from Mar. 1, 2016 to present. From Apr. 25 to May 6, 2016, your account was assessed a $30.00 Non-Sufficient Funds ("NSF") fee 69 times, for a total of $2,070.00 in fees. The records show that your account was never overdrawn to pay a debit card or pre-authorized debit ("ACH") transaction. Your account was overdrawn only as a result of NSF fees. This is in accordance with our Account Agreement and Schedule of Dividends, Service Charges and Fees.

Our investigation has determined that your initial complaints were not handled correctly. Although there is no evidence that any of the disputed transactions were fraudulent, the rules governing ACH transactions entitle the Receiver up to 60 calendar days to dispute and obtain a refund for allegedly unauthorized ACH withdrawals. If you had been provided with the correct claim form to complete and submit, either at the branch or via email, you could have obtained a refund for the disputed entries. Therefore, we have credited $2,070.00 to your FasTrack Checking account representing a full refund of the fees charged by MCU for these transactions.

We regret any inconvenience you experienced as a result of this matter, and we hope our actions have restored your trust in MCU. If we can be of further assistance, please let us know.

Sincerely,

William P. Birnbach
Vice President
Member Service Operations

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE OPARAJI,<br><br>                              Plaintiff,<br>    -against-<br><br>MUNICIPAL CREDIT UNION ("MCU"),<br><br>                            Defendant. | 19-CV-04034-AT-SN<br><br>**CERTIFICATION OF SERVICE** |

I certify that on September 10, 2020 I sent a copy of PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS and attached MCU's August 14, 2018 letter, via email and regular mail, upon:

Brian Gitnik, Esq (BSG 3766)
LITCHFIELD CAVO, LLP
420 Lexington Avenue
New York, New York 10170
Tel: (212) 792-9772
Email: gitnik@litchfieldcavo.com

                                                    /s/ Maurice Oparaji
                                                    Maurice Oparaji
                                                    245-11 133 Road
                                                    Rosedale, New York 11422
                                                    Tel: (347) 650-7895
                                                     Email: mroparaji@yahoo.com