UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
MAURICE OPARAJI,                                         :
                                                         :              19 Civ. 4034 (JPC)
                                        Plaintiff,       :
                                                         :
                 -v-                                     :              OPINION AND ORDER
                                                         :
                                                         :
MUNICIPAL CREDIT UNION,                                  :
                                                         :
                                        Defendant.       :
                                                         :
-------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

On May 6, 2019, Plaintiff Maurice Oparaji, proceeding *pro se*, filed this action, alleging

that Defendant Municipal Credit Union ("MCU") charged his account overdraft fees without his

affirmative consent, in violation of New York law, the Electronic Funds Transfer Act ("EFTA"),

15 U.S.C. § 1693 *et seq*., and sections 1031(a), 1036(a)(1), 1054, and 1055 of the Consumer

Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5331(a), 5564, 5565.  Dkt. 1

("Complaint").  Oparaji seeks damages and a declaratory judgment under the Declaratory

Judgment Act. *Id.*  MCU moved for judgment on the pleadings under Rule 12(c) of the Federal

Rules of Civil Procedure or, in the alternative, to dismiss under Rule 12(b)(6) for failure to state a

claim.  Dkt. 7.  Now before the Court is the second report and recommendation from the Honorable

Sarah Netburn, United States Magistrate Judge, the first having been adopted in part and modified

in part.  Dkt. 40 ("Second Report"); *see* Dkts. 26 ("Initial Report"), 29.  Judge Netburn

recommends that the Court grant MCU's motion to dismiss.  Oparaji filed timely objections to the

Second Report.  Dkt. 41 ("Objections").

For the reasons set forth below, the Court adopts the Second Report in part and declines to adopt it in part.  Specifically, the Court adopts the Second Report's recommendations to dismiss the EFTA, CFPA, and Declaratory Judgment Act claims for failure to state a claim.  Because the Court dismisses those claims, it declines to exercise supplemental jurisdiction over the remaining state-law claim and therefore declines to adopt the alternative holdings in the Second Report regarding that claim.  Accordingly, the Court grants MCU's motion to dismiss.

## I.  Background

The facts and procedural history of this action are set forth in the Initial Report and the Second Report.  In short, in May 2016, Oparaji discovered that MCU had charged his account 69 separately incurred overdraft fees, totaling $2,070.  Initial Report at 1-2.  Oparaji filed suit in Bronx Civil Court alleging several New York state-law claims, including (1) breach of contract or warranty, (2) breach of fiduciary duty, (3) unfair deceptive trade practices, (4) conversion, and (5) violation of the New York General Business Law.  *Id.* at 2.  The case proceeded to a trial before a jury, but the state court granted MCU's oral motion to dismiss at the close of Oparaji's presentation of his case.  *Id.* at 2-3.

Oparaji appealed the state court's decision, and while that appeal was pending, he filed this action.  Oparaji's Complaint lists five causes of action: (1) "Breach of the Opt-In Rule"; (2) "Violation of Electronic Fund Transfers Act (Regulation E) (EFTA) C.F.R. § 1005 et seq. (authority derived from 15 U.S.C. § 1696 et seq.)"; (3) "Violations of the Consumer Financial Protection Act (Abusive Acts or Practices)"; (4) "Deceptive Acts or Practices as to New Customers"; and (5) "Declaratory Judgment."  Complaint; *see* Second Report at 8-9.  In the Second Report, Judge Netburn described Oparaji's claims as follows:

> Claim (1) alleges that MCU breached a contract with Oparaji under New York State Law by violating the "opt-in" rule which, though contained in the EFTA, is

interpreted to have been incorporated into an alleged contract for the purposes of this claim;

Claim (2) alleges MCU violated the EFTA—specifically Regulation E, 12 C.F.R. § 1005.17(b)(1)—by failing to "[o]btain[] the consumer's affirmative consent, or opt-in, to the institution's payment of ATM or one-time debit card transactions. . . ." *Id.*

Claim (3) alleges MCU violated the CFPA—specifically, 12 U.S.C. § 5531 ("Prohibiting Unfair, Deceptive, or Abusive Acts or Practices"), and § 5536 ("Prohibited Acts"). Oparaji contends that MCU "materially interfered" with his "ability to understand those terms and conditions" (which are not further specified) by charging him overdraft fees;

Claim (4) alleges MCU violated the CFPA—specifically 12 U.S.C. §§ 5531 and 5536—by providing no notice of "opt-in" or "opt-out" to overdraft fees; and

Claim (5) requests relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Oparaji seeks a judicial declaration that MCU must send notice to all of its customers describing the institution's overdraft services, including information regarding the "opt-in" rule.

Second Report at 9.

On July 10, 2019, MCU moved under Rule 12 for a judgment on the pleadings or to dismiss. Dkt 7. The Honorable Analisa Torres, United States District Judge, who was initially assigned to this matter, referred the motion to Judge Netburn for a report and recommendation. Dkt 9. Judge Netburn filed the Initial Report, recommending that the Court dismiss the case with prejudice on the basis that Oparaji's claims were already litigated in state court and were therefore barred on the basis of *res judicata*, or claim preclusion. Initial Report at 9. Shortly before Judge Netburn completed the Initial Report, however, the state appeals court reinstated Oparaji's breach of contract claim and remanded the case to the New York Supreme Court for further proceedings. *See* Dkt. 29 at 3; Dkt. 27, Exh. D. Because of this, Judge Torres, in reviewing the Initial Report, concluded that there was no final judgment for *res judicata* purposes. Dkt. 29 at 6-7. Judge Torres therefore modified Judge Netburn's initial report on this point, and remanded the case to Judge Netburn for further consideration of MCU's motion to dismiss. *Id.* at 7, 9. On September 11,

2020, while MCU's motion was pending, Oparaji filed a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Dkt. 35.

This case was reassigned to the undersigned on September 29, 2020.  On December 21, 2020, Judge Netburn filed the Second Report, recommending that this Court grant MCU's motion to dismiss all claims.  Judge Netburn recommended dismissal because (1) the CFPA does not provide a private right of action, Second Report at 10; (2) the so-called "Opt-in Rule" of the EFTA does not apply to the transactions at issue, and, in any event, MCU's refund to Oparaji's account renders any EFTA claim moot, *id.* at 11-12; (3) the court lacks jurisdiction over Oparaji's state-law breach of contract claim, which, alternatively, fails on mootness and failure to state a claim grounds, *id.* at 12-14; and (4) no live claim supports relief under the Declaratory Judgment Act and Oparaji cannot assert the rights of others, *id.* at 14-15.  On January 4, 2021, Oparaji filed fifteen timely objections to the Second Report.

## II. Standard of Review

"When a district court assesses the report and recommendation of a magistrate judge, the court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting 28 U.S.C. § 636(b)(1)).  If a party makes a proper objection to a finding in a report, the Court reviews that finding *de novo*.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

To be proper, an objection must be "clearly aimed at particular findings," *Hernandez*, 2015 WL 321830, at *2 (quoting *Vlad–Berindan v. MTA N.Y.C. Transit*, No. 14 Civ. 675 (RJS), 2014 WL 6982929, at *1 (S.D.N.Y. Dec. 10, 2014)), and may not be "conclusory or general," *id.* (quoting *Thomas v. Astrue,* 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009)).  Parties may neither "regurgitate the original briefs to the magistrate judge" nor raise new arguments not raised to the

magistrate judge in the first instance. *Id.*; *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

If a litigant does not file proper objections, the district court generally accepts all parts of a report and recommendation that are not "clearly erroneous." *Hernandez*, 2015 WL 321830, at *2. "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Cameron v. Cunningham*, No. 13 Civ. 5872 (KPF) (FM), 2014 WL 4449794, at *2 (S.D.N.Y. Sept. 9, 2014) (quoting *Easley v. Cromartie,* 532 U.S. 234, 235, 242 (2001)).

"Objections of *pro se* litigants are generally accorded leniency and construed to raise the strongest arguments that they suggest." *Hernandez*, 2015 WL 321830, at *3 (quoting *Quinn v. Stewart,* No. 10 Civ. 8692 (PAE) (JCF), 2012 WL 1080145, at *4 (S.D.N.Y. Apr. 2, 2012)). "Nonetheless, even a *pro se* party's objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.,* No. 06 Civ. 5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

### III. Discussion

Oparaji has made fifteen timely objections to the Second Report.  The Court first addresses Oparaji's objections as they relate to his federal claims under the CFPA and EFTA, before turning to those relevant to his state-law claim.

### A.  Oparaji's CFPA Claims

Judge Netburn recommends that the Court dismiss Oparaji's CFPA claims on the grounds that there is no private right of action under the CFPA.  Second Report at 10.  Oparaji makes only one objection that appears relevant to his CFPA claims:  In his first objection, Oparaji contends that, "[t]hough the CFPA [m]ay not [c]ontain a [p]rivate [r]ight of [a]ction, . . . nothing in the

5

[CFPA] precludes [him] from using a violation of the law as a predicate to his claim under New York State's Unfair Deceptive Trade Practices."  Objections at 2-3.  In other words, Oparaji does not object to Judge Netburn's conclusion that the CFPA lacks a private right of action, but instead argues that he may use this as a predicate for his state claim.

Accordingly, the Court reviews this portion of the Second Report only for clear error. Judge Netburn's determination that the CFPA lacks a private right of action is consistent with the statutory text, which provides that "[i]f any person violates a Federal consumer financial law, *the Bureau* may . . . commence a civil action against such person."  15 U.S.C. § 5564(a) (emphasis added).  Courts in this District have cited section 5564(a) to hold that "only the Consumer Financial Protection Bureau may bring claims under the [CFPA]."  *Fraser v. Aames Funding Corp.*, No. 16 Civ. 448 (AMD) (LB), 2017 WL 564727, at *4 (E.D.N.Y. Jan. 24, 2017*)*; *accord Zubair v. ConEdison Co. of NY*, No. 20 Civ. 1313 (LLS), 2020 WL 2857206, at *2 (S.D.N.Y. June 1, 2020) (collecting cases).  Whether or not a violation of the CFPA can serve as a predicate to a state-law claim, as Oparaji argues, is irrelevant to this conclusion.

Accordingly, the Court adopts Judge Netburn's recommendation that the Court dismiss Oparaji's CFPA claims and dismisses those claims for failure to state a claim under Rule 12(b)(6). *See Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (determining that the question of whether the statute "provides an enforceable private right of action . . . is more aptly viewed as a question of whether the plaintiffs have failed to state a claim upon which relief may be granted" rather than one of subject matter jurisdiction); *accord Chenkin v. 808 Columbus LLC*, 368 F. App'x 162, 163 (2d Cir. 2010).

## B.  Oparaji's EFTA Claim

Judge Netburn also recommends that the Court dismiss Oparaji's EFTA claim on the grounds that the EFTA regulations do not cover the transactions at issue.  Under the EFTA's

Regulation E, often referred to as the "Opt-in Rule," "a financial institution holding a consumer's account shall not assess a fee or charge on a consumer's account for paying an ATM or one-time debit card transaction pursuant to the institution's overdraft service" absent affirmative consent from the consumer, except as otherwise noted in the regulation.  12 C.F.R. § 1005.17(b)(1).  The regulation further states that financial institutions cannot "[d]ecline to pay checks, ACH transactions, and other types of transactions that overdraw the customer's account" if the consumer did not opt-in to fees.  *Id.* § 1005.17(b)(2)(ii).

Two of Oparaji's objections arguably concern this recommendation.  In his fifth objection, Oparaji contends that Judge Netburn "misconstrued the language of the Regulation."  Objections at 12-13.  As the Court understands it, Oparaji's objection is that Judge Netburn, in quoting the staff interpretation of the Regulation, wrote "the [opt-in] rule does not prohibit an institution from assessing such [an overdraft] fee if the negative balance is attributable in whole or in part to [an] . . . ACH . . . transaction not subject to the prohibition on assessing overdraft fees," Second Report at 11 (quoting 12 C.F.R. Supp. I § 205.17 ¶ 8) (alterations in original and emphases omitted), instead of including the entire phrase "in whole or in part to *a check*, ACH, *or other type* of transaction," 12 C.F.R. Supp. I § 205.17 ¶ 8 (emphases added).  But it is not clear how, in omitting irrelevant types of transactions, Judge Netburn "misconstrued" the regulation.  And in his thirteenth objection, Oparaji contends that he "presented sufficient facts to state a cause of action for violation of the [EFTA]."  Objections at 36.  This objection, which does not actually point to any facts that Oparaji raised supporting his claim, is conclusory and thus is not proper.

But even if those objections somehow were sufficient to trigger *de novo* review, it is clear that Judge Netburn's recommendation would stand.  On its face, the regulation applies only to ATM and nonrecurring transactions.  *See* 12 C.F.R. § 1005.17(b)(1).  Oparaji recognizes as much. *See* Complaint ¶ 59 ("As a result of violating Regulation E's prohibition against assessing

overdraft fees on ATM and non-recurring debit card transactions, MCU has harmed Plaintiff."). But, as is clear from Oparaji's account summary, which he attached to his Complaint at Exhibit A, each overdraft fee at issue here is an "ACH NSF FEE," meaning an automated clearinghouse non-sufficient funds fee. As Judge Netburn found, the EFTA's Opt-in Rule does not apply to these transactions. This finding is supported not only by the plain language of the regulation but also by the official staff interpretation,[1] which recognizes that the Opt-in Rule "does not prohibit an institution from assessing such a fee if the negative balance is attributable in whole or in part to a check, ACH, or other type of transaction not subject to the prohibition on assessing overdraft fees in § 1005.17(b)(1)." 12 C.F.R. Supp. I § 205.17 ¶ 8.

Accordingly, Oparaji's allegations that MCU violated the EFTA's Opt-in Rule are without merit. The Court therefore adopts the Second Report's recommendation to dismiss Oparaji's cause of action under the EFTA for failure to state a claim.

**C. Oparaji's Breach of Contract Claim**

The Second Report recommends dismissing Oparaji's state-law breach of contract claims for several reasons, including that Oparaji's claims are moot, as MCU has provided evidence that it refunded the overdraft fees it had charged. *See* Second Report at 12-14. The Court need not address these portions of the Second Report because, having dismissed Oparaji's federal claims, the Court declines to exercise supplemental jurisdiction over Oparaji's remaining state-law claims. While a district court has discretion to exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of

---

[1] "Pursuant to section 915(d) of the act, the Board [of Governors of the Federal Reserve System] has designated the director and other officials of the Division of Consumer and Community Affairs as officials 'duly authorized' to issue, at their discretion, official staff interpretations of this part." 12 C.F.R. Pt. 205, App. C.

the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), it is well-established that generally "when the federal claims are dismissed the 'state claims should be dismissed as well,'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).[2] Traditional "values of judicial economy, convenience, fairness, and comity" simply do not weigh in favor of exercising jurisdiction here, where the Court has dismissed Oparaji's federal claims and Oparaji has already brought a separate suit in state court on the same claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the Court dismisses Oparaji's state-law contract claim without prejudice. *See* 28 U.S.C. § 1367(c)(3); *TRB Acquisitions LLC v. Yedid*, No. 20 Civ. 0552 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021).

Nonetheless, the Court pauses to address Oparaji's objections to the Second Report's recommendations concerning his state-law claim. He raises three general types of objections here. First, in his eighth objection, Oparaji contends that the Court has supplemental jurisdiction over his state-law claim. Second, in his second, third, fourth, sixth, tenth, eleventh, and fourteenth objections, Oparaji argues that Judge Netburn improperly considered materials outside the pleadings, *i.e.*, the Account Summary provided by the MCU purporting to show that MCU refunded Oparaji for all overdraft fees. Finally, in his ninth and twelfth objections, Oparaji asserts that the declaration that MCU's counsel, Brian Gitnik, submitted in support of MCU's motion, was "procedurally defective" because it was not properly sworn.

---

[2] If the Court had dismissed Oparaji's federal claims for *lack of subject matter jurisdiction*, it would be precluded from exercising supplemental jurisdiction over his state-law claim. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017). But because the Court dismisses Oparaji's federal claims under Rule 12(b)(6), this rule is not implicated here.

Because the Court declines to exercise supplemental jurisdiction, it therefore need not decide whether to adopt the recommendations regarding Oparaji's state-law claim. *See Milton v. Ocwen Mortg. Servicing, Inc.*, No. 16 Civ. 3837 (MKB) (JO), 2017 WL 2992489, at *3 (E.D.N.Y. July 14, 2017) ("Because the Court adopts the R&R in part and dismisses the RESPA claim, the Court need not decide whether to adopt the recommendations for the remaining state law claims because the Court declines to exercise supplemental jurisdiction over those claims."). As such, the Court overrules Oparaji's objections regarding mootness and the consideration of materials outside the Complaint more broadly, as they simply have no bearing on this Court's decision. And to the extent Oparaji's grievance with Mr. Gitnik's declaration is relevant beyond the mootness issue, Judge Netburn already rejected this contention on the basis that it did not prejudice Oparaji, *see* Initial Report at 8, and Judge Torres concluded that there was no clear error in Judge Netburn's decision, *see* Dkt. 29 at 7-8. The Court sees no reason to disturb those conclusions now.[3]

**D. Oparaji's Claim Under the Declaratory Judgment Act**

Judge Netburn also recommends that the Court dismiss Oparaji's cause of action under Declaratory Judgment Act, in which he requests that the Court require MCU to provide all of its customers with notice of the Opt-in Rule. It does not appear that Oparaji has raised any specific objections to this recommendation. The Court concludes that Judge Netburn did not clearly err in recommending dismissal of this claim because (1) Oparaji does not have any remaining claims before the Court, as the Declaratory Judgment Act does not provide an independent cause of action,

---

[3] The Court notes that, in his seventh objection, Oparaji argues that Judge Netburn improperly assessed his claims under Rule 12(b)(1) because "this Court has subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." Objections at 15-16. As an initial matter, this Court does not dismiss any claims under Rule 12(b)(1), making this objection irrelevant to its holding. Moreover, Rule 12(b)(1) allows a party to raise the defense of lack of subject-matter jurisdiction "by motion" rather than in the party's answer. Fed. R. Civ. P. 12(b)(1). It does not provide subject matter jurisdiction.

*see Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012), and (2) any declaration would pertain only to him, as the Declaratory Judgment Act gives the district court discretion to "declare the legal rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a).  *See* Second Report at 14-15.

**E. Oparaji's Motion for Partial Summary Judgment.**

Finally, Oparaji uses his fifteenth objection to argue in support of his motion for partial summary judgment, insisting that there is no dispute of fact that MCU violated the EFTA's Opt-in Rule by charging overdraft fees without prior consent.  Objections at 44-46.  Because the Court dismisses the federal claims under Rule 12(b)(6) and declines to exercise jurisdiction over the remaining state-law claim, the Court denies Oparaji's motion for partial summary judgment, Dkt. 35, as moot, and overrules his fifteenth objection.

### IV. Conclusion

For the foregoing reasons, this Court adopts the Second Report in part and dismisses with prejudice Oparaji's claims under the CFPA, EFTA, and Declaratory Judgment Act.  The Court declines to exercise supplemental jurisdiction over Oparaji's remaining state-law claim, and dismisses that claim without prejudice.  Accordingly, the Court grants MCU's motion to dismiss pursuant to Rule 12(b)(6).  The Clerk of the Court is respectfully directed to terminate all pending motions, close this case, and mail a copy of this Opinion and Order to Plaintiff Maurice Oparaji.

SO ORDERED.

Dated: June 14, 2021
    New York, New York

                                          JOHN P. CRONAN
                               United States District Judge